UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIVORIS SUTTON                               *     CIVIL ACTION

VERSUS                                       *     NO. 10-1240

BURL CAIN, WARDEN                            *     SECTION "B"(6)

ORDER AND REASONS

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendations (Rec. Doc. No. 19) be and are hereby **ADOPTED** as the Court's opinion, overruling objections (Rec. Doc. No. 20) to same.

**IT IS FURTHER ORDERED** that this § 2254 habeas petition be and is hereby **DISMISSED AS UNTIMELY**.

On February 6, 1993, Sutton and Water were both convicted of two counts of second degree murder, in violation of LSA-R.S. 14:30.1. (State rec., vol. 1 of 9, docket master entry dated 2/06/1993). On March 4, 1993, both Sutton and Water were sentenced to life imprisonment, without benefit of parole, probation or suspension of sentence. (State rec., vol. 1 of 9, docket master entry dated 3/04/1993). Defendants jointly appealed their convictions and sentences, and on January 31, 1996, the Louisiana Fourth Circuit Court of Appeal affirmed both Sutton and Water's convictions and sentences. (State Rec., Vol. 1 supplemental (unpublished opinion)).

Thereafter, Water and Sutton filed a joint appeal with the Louisiana Supreme Court. However, Sutton's failure to sign the

1

appeal resulted in the court's recognition of only Water's appeal. *State v. Water*, 674 So.2d 980 (La. 1996). On February 9, 1999, Sutton filed a "Motion for Permission to File Out of Time Petition for Writ of Certiorari" with the Louisiana Supreme Court. On June 4, 1999, the Louisiana Supreme Court denied that motion. *State v. Sutton*, 743 So.2d 1243 (La. 1999).

Additionally, on February 9, 1999, Sutton filed an application for post-conviction relief with the Orleans Parish Criminal District Court (Div. B). *See State ex rel. Sutton v. State*, 28 So.3d 264 (La. 2010), and *State v. Sutton*, 28 So.3d 264 (La. 2010). He was denied post-conviction relief by every court, including the Louisiana Supreme Court on February 26, 2010. *Id*.

On April 6, 2010, Sutton filed the instant pro se habeas corpus action, claiming that: (1) state courts erred in holding his claims were time barred; (2) state courts erred in holding that his claims were repetitious; (3) state courts erred in holding that he failed to carry his burden of proof; and (4) state courts erred in denying him relief.[1] (Rec. Doc. No. 19 at 4).

The United States Magistrate Judge filed a Report and Recommendation on March 17, 2011, recommending dismissal of petitioner's habeas corpus application as untimely. (*See generally* Rec. Doc. No. 19). Because petitioner neither applied for

---

[1] Since the filing of the instant petition, counsel has enrolled on behalf of petitioner. (*See* Rec. Doc. No. 20 at 4).

rehearing, nor sought review with the Louisiana Supreme Court, the Magistrate Judge reasoned that his conviction and sentence became final fourteen (14) days after the Louisiana Fourth Circuit Court of Appeal's affirmation on January 31, 1996.[2]  (Rec. Doc. No. 19 at 2).  Furthermore, petitioner was "not entitled to a re-start of his prescriptive period by virtue of his failed motion for an out-of-time writ of certiorari."  Id. at 3.

Accordingly, 28 U.S.C. § 2244(d)(2) was found inapplicable as petitioner "filed no post-conviction or other collateral review proceeding which would have tolled his one-year prescriptive period running from April 24, 1996 to April 24, 1997."  Id. at 5-6.  Similarly, equitable tolling was considered unjustified in this case.  Id. at 6-18.  Petitioner filed a timely objection to the Magistrate's recommendation, discussed in the following section.  (See Rec. Doc. No. 20).

The primary issue before the court is the timeliness of Sutton's habeas corpus petition.  Under the AEDPA, a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, commencing from "the latest of" either the date that the state judgment became final or the expiration of time for seeking review.  Lindh v. Murphy, 521 U.S. 320 (1997); See also, 28

---

[2]February 14, 1996 is the date Sutton's conviction and sentence were final, pursuant to La.C.Cr.P. art. 922. However, the Magistrate's recommendation did include that, under the Antiterrorism and Effective Death Penalty Act of 1996, Sutton was entitled to the one year grace period, ending on April 24, 1997.  (Rec. Doc. No. 19 at 5).

3

U.S.C. § 2244(d)(1)(West 2010), *as amended by* the AEDPA, P.L. 104-132, 110 Stat. 1220.  However, the one-year statute of limitations period may be interrupted by pending review of post-conviction proceedings as set forth by 28 U.S.C. § 2244(d)(2).[3]

Because petitioner's previous counsel filed an application for post-conviction relief on February 9, 1999, which was pending in the state court system until February 26, 2010, the timeliness of the instant petition, filed April 6, 2010, depends on whether the date on which judgment became final was less than ten (10) months before the 1999 filing for post-conviction.  Under § 2254, this court "must determine *de novo* any proposed finding or recommendation [by a Magistrate Judge] to which [an] objection is made."  Rule 8(b), Rules Governing § 2254 Cases.

Article 922 of Louisiana's Criminal Code provides in relevant part:

> A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, in term time or out, a party may apply to the appropriate court for a rehearing. The court may act upon the application at any time.
> B. A judgment rendered by the supreme court or other appellate court *becomes final when* the delay for applying for a rehearing has expired and no application therefor has been made.  *See* La. Code Crim. Proc. Ann. art. 922 (emphasis added).

---

[3] "The time during which a properly filed application for State post-conviction or other collateral review with respect to pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

4

Thus, petitioner's judgment was final on February 14, 1996, fourteen (14) days after the Louisiana Fourth Circuit Court of Appeals rendered judgment.  Because the judgment pre-dated the April 24, 1996 AEDPA effective date, petitioner was entitled to a one year grace period.  *Flanagan v. Johnson* 154 F.3d 196, 201-202 (5th Cir. 1998).  Accordingly, a habeas corpus petition would have been considered timely had it been filed on or before April 24, 1997.  However, petitioner did not file such a petition before that date.

Although there is case law to support the recognition of a subsequent date of final judgment, such precedent is inapplicable in petitioner's case.  In *Jimenez v. Quarterman*, the U.S. Supreme Court held that, "where a state court *grants* a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A)."  *Jimenez v. Quarterman*, 555 U.S. 113, 686 (2009)(emphasis added).  However, as Magistrate Judge Moore noted in his Report and Recommendation, petitioner did not file an out-of-time appeal, but instead filed a motion for permission to file such an appeal.  Importantly, that motion was denied, and *Jimenez* clearly requires that the out-of-time appeal be permitted by the state court in which it is filed.  *Id*.

5

Petitioner's argument that denial of his motion "on the merits" indicated that the state supreme court considered the filing proper and substantively reviewed that motion, is unsubstantiated by both law and fact. First, the Louisiana Supreme Court explained that its denial was based on the previously unsuccessful application for relief "jointly" filed by petitioner and Charlie Water. *State v. Sutton*, 743 So.2d 1243 (La. 1999). Furthermore, denial of "permission to file" an out-of-time petition clearly demonstrates that the court did not find such a filing to be proper. To reiterate, *Jimenez* allows a date of final judgment to change when the state court *grants* a defendant the right to file an out-of-time appeal; here, the Louisiana Supreme Court did just the opposite.

For these reasons, petitioner's judgment became final on February 14, 1996. Therefore, for his habeas corpus petition to be considered timely, he must have filed it before April 24, 1997 in accordance with the AEDPA.[4] Finally, petitioner contends he is entitled to equitable tolling.

As the Magistrate's Report and Recommendation sets forth, equitable tolling is justified only in "'rare and exceptional circumstances.'" (Rec. Doc. No. 19 at 6)(citing, *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1998)). Particularly, equitable

---

[4] Sutton's pending application for state post-conviction relief is irrelevant as it was not filed until 1999. (Rec. Doc. No. 19 at 8).

tolling is appropriate when the applicant has been "prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *quoting*, *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Nevertheless, the applicant must make a showing of "[diligence] in his or her pursuit of § 2254 relief." *Coleman*, 184 F.3d at 403.

While petitioner did present evidence that he was prevented, if only minimally, from filing a timely appeal to the Louisiana Supreme Court, he does not make a showing of his subsequent due diligence in seeking habeas corpus relief. If petitioner believed that the 1996 "joint" filing had been recognized and denied for both himself and his co-defendant until 1999, as he claims, he also believed that he was time-barred from making a habeas corpus claim after June 21, 1997. According to the record, petitioner filed no habeas corpus application between June 7, 1996, the date of the Louisiana Supreme Court's denial of Water's application for review, and June 21, 1997, one (1) year and fourteen (14) days later. Absent any attempt to file for habeas relief during that time period, petitioner failed to show any extraordinary circumstances preventing his assertion of rights.

Furthermore, petitioner's contention that he is entitled to equitable tolling is based upon his claims of actual innocence. (Rec. Doc. No. 12 at 4-7). In his Report and Recommendation, the Magistrate Judge notes the lack of precedent on this issue. (Rec.

Doc. No. 19 at 7). "Whether a habeas petitioner, based upon a claim of actual innocence, is entitled to equitable tolling of the one-year statute of limitation appears to be an open question in the Fifth Circuit." *Prince v. Thaler*, 354 Fed.Appx. 846, 847 (5th Cir. 2009).[5] Importantly, "[t]o make a showing of actual innocence a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of newly discovered evidence." (Rec. Doc. No. 19 at 7 (citing, *Prince*, 354 Fed.Appx. at 847)). For the following reasons, petitioner fails to make a showing of actual innocence, and thus, whether equitable tolling may be granted on a basis of such actual innocence is irrelevant.

Further conclusive testing of the blood on the ski mask could not have exculpated Mr. Sutton. Likely, it would serve to further incriminate his co-defendant, Mr. Waters, who had blood on his head when he was arrested. (Rec. Doc. No. 19 at 8). Moreover, co-defendant Vivian Curtis' testimony was adequately and fairly presented at trial. *Id*. at 15-16. As the Report and Recommendation points out, the jury was made fully aware of her criminal charges and plea deal, and such facts were not "overlooked" as petitioner claims. (Rec. Doc. 20 at 3). (*See also* Rec. Doc. 19 at 16)(quoting State rec., vol. 5 of 9, trial

---

[5] *But see Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)(citing *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)(holding that claims of actual innocence are irrelevant to the timeliness of such a petition)).

transcript, p. 355, lines 9-25). Lastly, the hotel receipt would not have been significant alibi evidence as there was no time stamped on it. Even had the receipt evidence been admitted at trial, without obtaining evidence or testimony by an employee, as to the particular time of that transaction, such evidence would be unlikely to change a juror's decision to convict in this case. Petitioner's "newly discovered evidence" is wholly inconclusive and insufficient to support the conclusion that no reasonable juror would have convicted the petitioner had such evidence been presented at trial.

New Orleans, Louisiana, this 18TH day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE